UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDRE PEASE,

      Petitioner,

v.                                Case No. 8:03-cv-2726-T-27EAJ

CARLYE HOLDER, Warden, et al.,

      Respondent.

_____/

## ORDER

Petitioner has filed a "Motion to Vacate, Withdraw and/or Reconsider Pursuant to Rule 59(e) of the Fed.R.Civ.P." (Dkt. 17) and a "Motion Requesting Leave to Supplement and/or Amend Petitioner's Rule 59(e) Motion" (Dkt. 18). On December 24, 2003, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. 1) and memorandum in support of his petition (Dkt. 2). This petition was denied in an order entered January 22, 2004 (Dkt. 5). Petitioner's motion for reconsideration pursuant to Rule 59(e), Fed. R. Civ. P. (Dkt. 7), was denied on February 17, 2004 (Dkt. 8). On May 25, 2004, the Eleventh Circuit Court of Appeals dismissed his appeal of these orders (see Dkt. 13). On February 19, 2014, Petitioner filed a motion under Rule 60(b), Fed. R. Civ. P., seeking reconsideration of the January 22, 2004 order and requesting that his habeas proceeding be reopened (Dkt. 15). This motion was denied in an order filed April 1, 2014 (Dkt. 16).

Petitioner now asks for reconsideration of the April 1, 2014 order denying his Rule 60(b) motion. Petitioner states that the motion is brought under Rule 59(e), Fed. R. Civ. P. Rule 59(e) authorizes a motion to alter or amend a judgment. A motion under this subsection must be filed no

later than twenty-eight days after entry of the judgment. This motion is timely under Rule 59(e). Upon review, the motion must be denied.

"The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F. 3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F. 3d 1116, 1119 (11th Cir. 1999)). The decision to alter or amend a judgment is "committed to the sound discretion of the district judge." *Am. Home Assur. Co. v. Glenn Estess & Assocs.*, 763 F. 2d 1237, 1238-39 (11th Cir. 1985). A party seeking reconsideration must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993).

Further, the decision to alter or amend a judgment is an "extraordinary remedy." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). A "Rule 59(e) motion [cannot be used] to re-litigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur*, 500 F. 3d at 1343 (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F. 3d 757, 763 (11th Cir. 2005)).

Petitioner's § 2254 petition involved a 1988 state conviction for delivery of cocaine. After his probation was revoked, he was sentenced to eighteen months' imprisonment in 1989. This conviction was subsequently used to enhance Petitioner's sentence on a federal conviction for conspiracy to distribute cocaine. Specifically, Petitioner states that in case number 8:98-cr-302-T-24EAJ, he was sentenced to a term of 360 months' imprisonment on January 29, 1999, but that absent the prior state conviction he faced a shorter term of imprisonment.

Petitioner's § 2254 petition was denied in an order entered January 22, 2004. As the orders denying Petitioner's § 2254 petition and his Rule 60(b) motion both explained, the petition was

denied because it did not present proper grounds for federal habeas relief and because the district court was without jurisdiction to consider it due the expiration of Petitioner's state sentence. In Petitioner's Rule 60(b) motion, he sought to have the § 2254 proceedings reopened. Primarily relying on *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013), he argued that he was entitled to relief because he was actually innocent of the state offense of delivery of cocaine. In support of this contention, he presented an affidavit from Timothy Randolph, who was arrested with Petitioner, stating that Petitioner had no involvement with the cocaine.

In his Rule 59(e) motion, Petitioner argues that the order denying his Rule 60(b) motion did not consider the merits of his actual innocence claim. Specifically, in his Rule 59(e) motion, Petitioner appears to argue that because he raised the issue of actual innocence in his Rule 60(b) motion, the court was required to determine whether he was actually innocent of the state offense. In support of his assertion that he is actually innocent, he points to the affidavit of Randolph and to *McMillon v. State*, 813 So.2d 56 (Fla. 2002), a Florida Supreme Court decision reiterating that knowledge of the illicit nature of a substance was an essential element of the crime of possession. However, Petitioner has not shown actual innocence. As the order denying his Rule 60(b) motion noted, Petitioner raised no new facts alleging actual innocence in his Rule 60(b) motion[1] and did not demonstrate that he was actually innocent of the state offense, to which he entered a plea. Petitioner's allegations of actual innocence were considered. He does not present any new evidence in his Rule 59(e) motion. Accordingly, Petitioner cannot show that he is entitled to relief for the

---

[1]The order noted that the affidavit of Timothy Randolph attached to Petitioner's Rule 60(b) motion was also attached to his § 2254 petition and appeared to contain the same information upon which Petitioner states he challenged his conviction in state court by filing a motion under Florida Rule of Criminal Procedure 3.850. (Dkt. 16, p. 3, n.1.)

reasons presented in his Rule 59(e) motion.

In support of his Rule 59(e) motion, it also appears that Petitioner challenges the 2004 order that denied his § 2254 petition. That order denied the petition in part because the district court was without jurisdiction to consider it due the expiration of Petitioner's state sentence. Petitioner appears to assert that he meets an "exception to the 'in-custody' requirement" of 28 U.S.C. § 2254(a), which provides that a habeas petition may only be considered on the ground that an individual is in custody on the judgment of a state court in violation of the Constitution or laws of the United States. (Dkt. 17, p. 2.) Petitioner asserts that he can overcome this requirement because he has shown actual innocence, and because he challenged his enhanced federal sentence by filing a habeas petition under 28 U.S.C. §2255.

Again, Petitioner has not made a showing of actual innocence. Furthermore, the fact that he filed a § 2255 petition concerning his federal conviction does not provide the relief he seeks. *See Maleng v. Cook*, 490 U.S. 488, 492 (1989) ("The question presented by this case is whether a habeas petitioner remains 'in custody' under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted. We hold that he does not."); *Daniels v. United States*, 532 U.S. 374, 382 (2001) ("If ... a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies when they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse."). Additionally, it is noted that Petitioner's § 2254 petition was not denied solely because his state sentence had expired. It was also denied on the basis that it did not present any proper grounds for federal habeas relief.

Petitioner has not demonstrated newly discovered evidence or manifest errors of law or fact that would entitle him to relief under Rule 59(e). Finally, in his "Motion Requesting Leave to Supplement and/or Amend Petitioner's Rule 59(e) Motion," Petitioner again asserts that he meets the "in custody" requirement of § 2254(a) and seeks to supplement his Rule 59(e) motion "with supporting documents that demonstrate that his claims raised in his § 2254 motion, were also preserved in a timely manner in the § 2255 proceedings as well." (Dkt. 18, p. 2.) Petitioner's request to supplement his Rule 59(e) motion is denied.

It is therefore **ORDERED** that Petitioner's "Motion to Vacate, Withdraw and/or Reconsider Pursuant to Rule 59(e) of the Fed.R.Civ.P." (Dkt. 17) and "Motion Requesting Leave to Supplement and/or Amend Petitioner's Rule 59(e) Motion" (Dkt. 18) are **DENIED**.

It is further **ORDERED** that Petitioner is not entitled to a certificate of appealability. A previous order (Dkt. 16) denied Petitioner a certificate of appealability. Petitioner demonstrates neither that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), nor that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)).

**DONE AND ORDERED** in Tampa, Florida, on July 7th, 2014.

JAMES D. WHITTEMORE
United States District Judge

SA:mcl

Copy furnished to:
*Pro se* Plaintiff
Counsel of Record